IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:11-CR-82 |
| | ) | (GREER/GUYTON) |
| MARK C. SAWYER, | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case was before the Court on February 7, 2013, for a motion hearing on Defendant Sawyer's Motion to Strike Count 1 for Insufficiency [Doc. 91], filed on November 5, 2012. Assistant United States Attorney Matthew T. Morris appeared on behalf of the Government. Attorneys Nikki C. Pierce and Tim S. Moore appeared on behalf of the Defendant, who was also present. The Court heard the parties' arguments and took the matter under advisement.

### I.     POSITIONS OF THE PARTIES

Defendant Sawyer was charged in a five-count Superseding Indictment [Doc. 21] with conspiracy to defraud the United States and conspiracy to violate the Clean Air Act, commencing demolition before abating asbestos, failure to wet asbestos, failure to lower asbestos properly, and failure to containerize and timely dispose asbestos.

The Defendant requests [Doc. 91] that this Court strike Count 1 of the Superseding Indictment because it fails to state a crime as it relates to conspiracy to defraud the United States. Specifically, the Defendant argues that Count 1 does not adequately set forth the elements of the alleged conspiracies and provide proper notice to the Defendant. The Defendant relies on United States v. Minarik, 875 F.2d 1186 (6th Cir. 1989), to support his assertion that the Government cannot charge conspiracy to defraud when the object of the conspiracy is a specific offense. Although the Defendant admits that Minarik has been limited by subsequent cases, he argues that his case falls within those confines. Finally, he asserts that Count 1 of the Superseding Indictment will confuse the jury beyond remediation.

The Government responds [Doc. 102] that the Superseding Indictment properly alleges conspiracy to defraud the United States and conspiracy to violate the Clean Air Act. The Government argues that Minarik's holding is inapplicable to the present matter. Although the conspiracy to defraud the United States references specific acts that constitute substantive violations of the Clean Air Act, the Government asserts that the Superseding Indictment is not defective.

## II. ANALYSIS

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enable him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling,

418 U.S. 87, 117 (1974); United States v. Landham, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting Hamling). An indictment may allege the charges using the words of the statute itself as long as it gives all the elements of the offense "fully, directed, and expressly[.]" Hamling, 418 U.S. at 117 (quoting United States v. Carll, 105 U.S. 611, 612 (1882)); Landham, 251 F.3d at 1079. Moreover, the statutory language "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" Hamling, 418 U.S. at 117-18 (quoting United States v. Hess, 124 U.S. 483, 487 (1888)); Landham, 251 F.3d at 1079.

Section 371 of Title 18 of the United States Code criminalizes a conspiracy "either to commit any offense against the United States, or to defraud the United States." As explained in United States v. Douglas, the elements of a conspiracy under § 371 are "(1) an agreement to accomplish an illegal objective against the United States; (2) one or more overt acts in furtherance of the illegal purpose; and (3) the intent to commit the substantive offense." 398 F.3d 407, 413 (6th Cir. 2005) (citing United States v. Khalife, 106 F.3d 1300, 1303 (6th Cir. 1997)).

In the present matter, Count 1 of the Superseding Indictment states:

> Beginning in or about May 2006 through in or about April 19, 2010, the exact dates being unknown to the Grand Jury, within the Eastern District of Tennessee and elsewhere, [the] Defendants . . . did combine, confederate, conspire and agree together, and with others both known and unknown to the Grand Jury, (i) to defraud the United States by impeding and impairing the governmental functions of EPA and TDEC in enforcing the federal environmental regulations and the Department of Labor and its agency, OSHA, in enforcing the federal safety and health regulations covering certain workers throughout the United States and (ii) to knowingly commit offenses against the United States, that is to violate the Clean Air Act, 42 U.S.C. §§ 7412(b) and (h) and 7413(c)(1), 40 C.F.R. §§ 61.145. 61.150 and 61.154.

As mentioned above, the Defendant cites to Minarik to support his assertion that the Government cannot charge conspiracy to defraud the United States when the alleged conduct violates a specific statute, which the Defendant is also charged with conspiracy to violate. In Minarik, the Sixth Circuit reversed the defendant's conviction stating that the government "used the defraud clause in a way that created great confusion about the conduct claimed to be illegal." 875 F.2d at 1196. The defendant was indicted with conspiracy to defraud the United States. Id. at 1188. However, the "government's theory of the case evolved throughout the period from the return of the indictment through the trial." Id. at 1189. The court held:

> [A]n individual whose alleged wrongful agreement is covered by the offense clause (because covered by a specific offense defined by Congress), as well as arguably by the broad defraud clause, cannot be convicted or punished by both. Only by treating conspiracy to commit specific offenses (which are arguably general frauds) exclusively under the offense clause of § 371 can multiple convictions and unnecessary confusion be avoided.

Id. at 1193-94.

Other courts have since limited Minarik. See United States v. Damra, 621 F.3d 474, 506 (6th Cir. 2010) ("In the wake of Minarik, the Sixth Circuit, while never overruling the holding, has nevertheless, confined the decision to its facts."). In Khalife, the court articulated three distinguishing characteristics: (1) the "confusion resulting from the government's shifting theories of prosecution"; (2) the defendants' conduct in Minarik was limited to one act; and (3) the defendants' duties in Minarik were "technical to warrant more specific notice." 106 F.3d at 1304; see also Damra, 621 F.3d at 507 ("In short, Minarik only applies when the defendant receives no specific notice of the crimes charged, the violation was too isolated to compromise a conspiracy to defraud, and the taxpayer's duties are technical."); United States v. Fillers, No.

4

1:09-cr-144, 2010 WL 3655868, at *3 (E.D. Tenn. Sept. 14, 2010) (citing Khalife's three distinguishing characteristics). Therefore, whether Minarik controls "turns on the degree to which the facts of this case mimic the circumstances found in Minarik." Damra, 621 F.3d at 507.

The Court finds that the facts presented in Minarik are distinguishable from the present matter. In Fillers, the court examined the same issue presently before the Court and found that "[c]ount [o]ne of the indictment properly charge[d] conspiracy to commit a crime against the United States and to defraud the United States." 2010 WL 3655868, at *4. Count one of the indictment in Fillers is substantively identical to Count 1 in the present matter, and the Court finds the reasoning in Fillers persuasive.

First, the Government has not "vacillated among theories of the case." Id. at *3. The Superseding Indictment is specific and "identifies 'the agency impeded and explain[s] how, and by whom, the agency was impeded.'" Id. (quoting United States v. Mohney, 949 F.2d 899, 903 (6th Cir. 1991)). Furthermore, Count 1 explains the alleged impediment of the Environmental Protection Agency ("EPA"), Tennessee Department of Environment and Conservation, Division of Air Pollution Control ("TDEC"), and the Department of Labor, which includes failing to remove asbestos; failing to adequately wet asbestos; improperly lowering components covered in asbestos; failing to properly contain asbestos; hiring untrained and unlicensed laborers; and directing the laborers to hide from regulatory authorities or leave the site to prevent the regulatory authorities from detecting illegal activities. Unlike Minarik, in which the prosecution provided several theories at different times, the Superseding Indictment is not ambiguous. See id. at *3.

Second, the Superseding Indictment "rests on a much broader scope of activity than in Minarik." Id. In Minarik, the indictment was based on one limited act. Here, the Superseding Indictment alleges a number of acts that occurred over an extended time period. The dates range from May 2006 to April 19, 2010. The Defendant's conduct "is extensive enough to support such a charge, and at the same time, encompasses alleged acts that also could amount to violations of specific statutory provisions." Id.

Finally, the Superseding Indictment provides adequate notice of the alleged violations to the Defendant. Unlike the indictment in Minarik, which provided defendants with a "bare bones description of the alleged conspiracy to defraud," see id., the Superseding Indictment in the present matter describes in detail the Defendant's alleged violations, which include (1) violating federal and state laws by failing to remove asbestos before demolition; (2) failing to adequate wet asbestos; (3) failing to properly lower components covered in asbestos; (4) failing to contain asbestos in leak-tight wrapping; (5) failing to ensure asbestos remained wet until disposed; (6) failing to properly lower asbestos; (7) hiring untrained and unlicensed labors who did not have asbestos abatement training, proper licenses, or protective equipment; and (8) ceasing and hiding illegal activities from regulatory authorities or leaving the site in order to prevent regulatory authorities from detecting the illegal activities. This description of the Defendant's alleged activities goes beyond what was alleged in Minarik. In addition, the Defendant's duties are not "technical and difficult to discern." Id. (quoting Minarik, 875 F.2d at 1196). Accordingly, the Court finds that Minarik is inapposite to the present matter and Count 1 of the Superseding Indictment does not fail to allege an offense pursuant to 18 U.S.C. § 371.

## III. CONCLUSION

After carefully considering the parties' filings and arguments, the Court finds that Count 1 of the Superseding Indictment properly charges conspiracy to commit a crime against the United States and to defraud the United States. For the reasons set forth herein, it is **RECOMMENDED** that Defendant Sawyer's Motion to Strike Count 1 for Insufficiency [**Doc. 91**] is **DENIED**.[1]

Respectfully submitted,

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).