IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:11-CR-82 |
| ) | (GREER/GUYTON) |
| MARK C. SAWYER, ) | |
| ) | |
| Defendant. ) | |

## **REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case was before the Court on February 7, 2013, for a motion hearing on Defendant Sawyer's Motion to Suppress Evidence [Doc. 86], filed on November 5, 2012. Assistant United States Attorney Matthew T. Morris appeared on behalf of the Government. Attorneys Nikki C. Pierce and Tim S. Moore appeared on behalf of the Defendant, who was also present. The Court heard the parties' arguments and took the matter under advisement.

### I. POSITIONS OF THE PARTIES

Defendant Sawyer was charged in a five-count Superseding Indictment [Doc. 21] with conspiracy to defraud the United States and conspiracy to violate the Clean Air Act, commencing demolition before abating asbestos, failure to wet asbestos, failure to lower asbestos properly, and failure to containerize and timely dispose asbestos.

Defendant Sawyer requests [Doc. 86] that the Court suppress documentary evidence seized during the investigation of this case that was allegedly reviewed in violation of the attorney-client and work-product privileges. The Defendant states that during the search of A&E Salvage, Inc., officers seized documents and labeled them "Attorney Client Privilege documents." He states that the Government has not returned these documents, revealed their content or nature, employed a taint team to determine whether they contain privileged information, or sought in camera review of the documents. Thus, the Defendant asserts that the Government has violated its obligation to protect the attorney-client privilege, which warrants suppression of the potentially privileged material. In the alternative that the Court declines to suppress the documents, the Defendant requests that the Court conduct an in camera review of the alleged privileged documents to determine admissibility. In addition, if the Court finds the documents contain privileged information, the Defendant requests a Government proffer of the evidence derived from the privileged documents.

The Government responds [Doc. 98] that it did not violate the Defendant's attorney-client privilege. The Government states that the attorney-client privilege was protected by its use of a taint team during the search of the Defendant's company. It asserts that any potentially privileged materials were placed into a sealed envelope and were not made available to the investigative team or the prosecutors. Instead, the Government states that pursuant to a Court Order, an attorney with the Environmental Protection Agency ("EPA"), which was not assigned to the investigation or prosecution of this case, reviewed the materials contained in the envelope and identified the documents the he determined were privileged. The Government argues that it

does not have any knowledge with regard to the contents of those documents, and therefore, there is no evidence to suppress.

## II.  ANALYSIS

"The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." Upjohn Co. v. United States, 449 U.S. 383, 390 (1981). The purpose of the privilege is "to encourage full and frank communications between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." Id. Furthermore, "[t]he existence of the privilege and the applicability of any exception to the privilege is a question of fact for the judge." Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris, Inc., 35 F. Supp. 2d 582, 591 (N.D. Ohio 1999). The party seeking privilege has the burden to show:

> (1) [T]he communications were received from a client during the course of the client's search for legal advice from the attorney in his or her capacity as such; (2) the communications were made in confidence; and (3) the privilege as to these communications has not been waived.

Id.  If the documents are privileged, "the remedy is suppression and return of the documents in question." United States v. Skeddle, 989 F. Supp. 890, 897 (N.D. Ohio 1997) (quoting National City Trading Corp. v. United States, 635 F.2d 1020, 1026 (2d Cir. 1980)).

In addition, the work-product privilege "promote[s] the adversary system by safeguarding fruits of attorney's trial preparations from discovery attempts of opponents." Edwards v. Whitaker, 868 F. Supp. 226, 230 (M.D. Tenn. 1994) (quoting Chubb Integrated Sys. v. Nat'l Bank of Washington, 103 F.R.D. 52, 63 (D.D.C. 1984); United States v. Am. Tel. and Tel. Co., 642 F.2d 1285, 1299 (D.C. Cir. 1980)).  "The work-product privilege is not coextensive with the

3

attorney-client privilege; rather it 'is distinct from and broader than the attorney-client privilege.'" Skeddle, 989 F. Supp. at 921 (quoting United States v. Nobles, 422 U.S. 225, 238 (1975)) (other citations omitted).

At the hearing, defense counsel stated that she was unaware that a sealed envelope existed and was only made aware after the Government responded to her motion. The Government indicated that the documents labeled "Attorney Client Privilege" were in the possession of the EPA and that the documents were not given to defense counsel because the Government did not possess them. The Government agreed to contact counsel for the EPA and have him forward the documents to defense counsel for inspection. It is the Court's understanding, as indicated by both parties, that this issue may be resolved by reviewing the contents of the sealed envelope.[1] Accordingly, the Court finds that the Defendant's motion is not well-taken at this time.

---

[1] The Court makes no finding as to whether the documents were protected by the attorney-client or work-product privileges.

## III. CONCLUSION

After carefully considering the parties' filings and arguments, the Court finds that the issue may be resolved after defense counsel reviews the documents contained in the sealed envelope. For the reasons set forth herein, it is **RECOMMENDED** that Defendant Sawyer's Motion to Suppress Evidence [**Doc. 86**] is **DENIED**.[2]

Respectfully submitted,

      s/ H. Bruce Guyton
United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).